UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV54-EHJ

JOANN BROWN                                                                                           PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                              DEFENDANT

**MEMORANDUM OPINION**

This case is before the Court upon plaintiff Joann Brown's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the decision of the Commissioner should be affirmed.

Ms. Brown filed applications for SSI and disability insurance benefits on August 21, 2003 and September 8, 2003 respectively, alleging that she became disabled on March 26, 2002 as a result of cancer. After a hearing on June 15, 2004, Administrative Law Judge James Craig ("ALJ") found that Ms. Brown has severe impairments of status post right breast lumpectomy, degenerative joint disease of the left wrist, and an adjustment disorder with depression and anxiety. Though the ALJ found these conditions to be severe impairments, they were not deemed to meet or medically equal listed impairments. Though she may not return to her previous relevant work, the ALJ found that Ms. Brown retains the residual functional capacity to perform some sedentary work.

The plaintiff has filed objections to the magistrate's recommendation that the Commissioner's decision be affirmed. Specifically, the plaintiff contends that the ALJ and

magistrate erred in their treatment of treating physician Dr. Malik's opinions and by failing to give adequate consideration to the mental health records from Four Rivers Behavioral Health. Plaintiff faults the ALJ for not adequately specifying his reasons for rejecting Dr. Malik's disabling opinions, noting, "the reason the Administrative Law Judge rejects Dr. Malik's report is not specified." However, in addition to the language cited by plaintiff, the ALJ's Decision contains language at Tr. 19 that further delineates the ALJ's reasoning: "As noted above, the undersigned has considered the limitations imposed by Dr. Malik, which are totally inconsistent and unsupported by objective evidence of record." The Court's analysis of the opinions of Dr. Malik reveal that they are not adequately supported; there is simply no reference to medical findings that would support the most restrictive limitations noted. In sum, the Court concurs with the analysis and conclusions of the magistrate that the ALJ identified adequate basis for declining to give controlling weight to Dr. Malik's disabling findings.

Finally, plaintiff argues that the ALJ failed to give adequate consideration to the mental health records from Four Rivers Behavioral Health. Specifically, the plaintiff contends that the records reveal a GAF assessment of 50, a diagnosis of major depressive disorder, nervous and anxiety problems, memory loss and body shakes, none of which were included in the RFC. Plaintiff concedes that the Four Rivers Behavioral Health records do not include work limitations but instead, "focus on identifying her mental problems." (DN 14, page 9) The Court is unpersuaded by the plaintiff's argument, as the ALJ properly considered these records, yet found that they did not reveal any limitations on her ability to engage in work-related activities from a mental standpoint (Tr. 17). Furthermore, this Court notes that as a general rule, a GAF score is a very poor tool for determining ability to engage in substantial gainful employment given its subjective nature, that it is an

approximation on a scale form one to one hundred, and that it is subject to considerable variation. Though the GAF may represent a single piece of information to be considered in the disability inquiry, it cannot substitute for specific information about particular capabilities and characteristics. Accordingly, the Court finds that the ALJ's analysis of the Four Rivers Behavioral Health records is correct, and supported by substantial evidence.

In sum, the magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted. While the Court is sympathetic to Ms. Brown's situation, it finds no misapplication of the regulations. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner, Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990).